## JIM HANEY v. THE STATE.

### No. 3987.   Decided February 12, 1908.

#### 1.—Local Option—Indictment—Correction.

Where upon trial for a violation of the local option law, it appeared from the record that the defendant contended that the date of the offense was subsequent to the presentment of the indictment, but it was shown by the record that said date had been corrected by the drafter of the indictment, and that the correction was made before the indictment was presented and field in court, there was no error.

#### 2.—Same—Jury and Jury Law—Continuance.

Where upon trial for a violation of the local option law, the court had inadvertently discharged the jury for the week, and thereafter learned that defendant's attorney and the county attorney had set defendant's case, whereupon the court, not knowing how many such cases had been set, ordered a jury to be brought in for the remainder of the week, and swore the sheriff accordingly.   Held, that this was not a ground for continuance, and there was no error.

#### 3.—Same—Sufficiency of Evidence.

Where in a trial of a violation of the local option law, there was testimony sufficiently authorizing the jury to convict, the judgment will not be set aside.

Appeal from the County Court of Montague.   Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law.

Motion was made to quash the indictment, because it charged that the offense was committed at a time subsequent to the presentment of the indictment, in that, it was returned on the 21st day of January, 1907, charging the offense as having been committed on the 24th day of December, 1907, or about eleven months after the indictment was presented; and that it further failed to allege that the offense was committed at a date anterior to its presentment.   The bill of exceptions is signed with the statement, that the witness, Mrs. C. F. Spencer (wife of the county attorney), in support of this indictment, stated, under oath in open court, that she drew the indictment, and at first wrote the date complained of, "1907," but discovered her error, immediately changed the date to December 24, 1906, but did not erase the seven, but changed the seven into a six.   The bill is accepted with this statement as to what the evidence shows in connection with it.   As thus presented, we are of opinion there is nothing in this contention.   If the indictment had been presented in court, and then changed, the matter would have been fatal.   We do not believe there is any merit in this contention.

When the case was called for trial, appellant moved to continue the case because the jury for the third week of court at which he was tried had been excused by the court without his knowledge and consent; and that the reason for their being excused by the court is unknown to him. The continuance was refused. The court states, in explanation of this bill, that at the time the case was called for trial, defendant made a verbal motion for continuance covering about the facts stated in his subsequently written motion, which occurred on the 3rd of April, and presented it to the court for approval; that the motion was not written until after the bill of exceptions was presented. He further states, that on Monday morning, the 18th day of March, the first day of the third week of that term, there were present four of the regular jurors for that week, and it appearing to the court there were no cases set for the week requiring a jury, the court dismissed the jury. That on Tuesday morning, the court for the first time learned that defendant's attorney and the county attorney had, without the knowledge or consent of the court, by agreement set this case for trial on the 19th, whereupon the court not knowing how many such cases had been similarly arranged, according to the provisions of the statute ordered a jury to be brought in for the remainder of the week, and swore the sheriff accordingly, to bring in twelve good and lawful jurors, which he did, six of whom tried this case. This was not a ground for continuance, as presented. Without restating the explanation of the court, which we suppose to be correct, as it was accepted by appellant, we are of opinion there was no error in the ruling. These are the questions relied upon for a reversal. There was testimony enough introduced authorizing the jury to find their verdict. This was seriously questioned by appellant under his evidence, but the jury passed upon the credibility of the witnesses, and the weight to be given their testimony, and we are not authorized to interfere.

The judgment is affirmed.

*Affirmed.*